■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Duly Selected as a Site for Metropolitan Hospital in the Borough of Manhattan. QUICK SERVICE LAUNDRY, INC., Appellant.—Amended decree, insofar as appealed from, entered in the Supreme Court, New York County, on June 17, 1974, *inter alia,* awarding claimant-appellant the sum of $619,979 for its land, building and fixtures, modified, on the law, to remand the matter to take proof *de novo* on the measure and amount of damages payable to claimant for the fixtures and machinery found by Special Term to be noncompensable, and to award claimant proper compensation therefor. The decree is in all other respects affirmed, without costs or disbursements. On November 1, 1968 the City of New York condemned a parcel of land on East 99th Street, Manhattan, where appellant conducted a commercial laundry business for many years. The award made for the land ($59,145), building ($206,162) and fixtures installed in the structure to permit the installation of the laundry machinery ($354,672) for a total of $619,979 is not in dispute. The sole question before us is the compensability of certain laundry fixtures and machinery valued for precautionary appeal purposes at $442,893, and disallowed by the trial court. As to these fixtures, consisting of washers, ironers, extractors, tumblers and starch cookers, the trial court found that they were not an integral part of the going business, that they were of standard design laundry equipment and represented uncomplicated units of simple machinery easily annexed to the plumbing and electric connections designed to receive them. The trial court further found that the machinery could be easily relocated and used elsewhere without substantial loss of value and that there was an active used laundry machine market where such items are sold as functioning units and not merely as scrap metal. On these findings, supported by the record, we hold that the appellant is not entitled to full compensation at sound value for this equipment as an integrated unit, but is limited to the lesser of in-place value, salvage value, or cost of relocation. At time of trial, and for five years after title vested in the city claimant continued its business on the subject site under rental arrangement with the city. The city offered proof that the cost of removing the readily removable machinery within 50 miles of the metropolitan area was $70,340. Claimant argued that since the machinery was still being used in its laundry on the condemned property and its destination was unknown,

removal charges should not be considered. This evidence was stricken on claimant's objection. Similarly stricken on claimant's objection was the city's estimate of $82,000 salvage or resale value of the removable machinery. "The accepted method of valuing fixtures which are removed or could be removed is to determine the difference between salvage value of the item and present value in place (i.e., reproduction cost less depreciation). This method, though it employs the label salvage, does not indicate the item can only be used for scrap purposes, but the valuation method takes into account the use of the machine in a definable second-hand market for used industrial machinery. Thus, when a claimant removes his fixtures to a new location, they are not always properly valued by reference to a second-hand market in industrial equipment. The machinery, if removed or if it could be successfully removed, should be also valued by determining either the actual or contemplated costs of disassembling, trucking and reassembling the item at a new location. If the cost of removal is less than the difference between salvage value and present value in place, this is all the claimant is entitled to recover. The State is not required to place a claimant in a better position than he was before the taking by helping him to finance a new facility." *(Rose v State of New York,* 24 NY2d 80, 88.) We cannot determine the proper measure of damages from the record. At argument of this appeal counsel indicated that the equipment was no longer in use. Due to claimant's refusal to accept the trial court's ruling that the equipment was not compensable at sound value as fixtures and on claimant's motion, evidence of salvage value and removal costs was stricken. Nevertheless, we feel that under the particular circumstances of this case, and especially considering that the equipment was still in operation by mutual consent of the parties at time of trial, the claimant should not be deprived of just compensation. The trial court properly determined that the property was personalty by reference to the time of taking. "But this does not mean that the State is to pay for damages to fixtures by a simple reference to the time of taking as is the case with land. It is enough in these circumstances that the character of the property be determined with reference to the time of the taking by the State and the concept of 'just compensation' be applied in a manner so that not only will the claimant but also the State be treated fairly." *(Rose v State of New York, supra,* p 87; see, also, *City of Buffalo v Clement Co.,* 28 NY2d 241, 259–261.) Concur—Stevens, P. J., Lupiano, Lane and Nunez, JJ.; Murphy, J., dissents in part in the following memorandum: Murphy, J. (dissenting in part). The majority limits compensation "to the lesser of inplace value, salvage value or cost of relocation." This proposition would ignore the facts in the case. If in fact, and the hearing so developed, the equipment was relocated, then salvage value is not the proper measure of damages merely because it is less than the "cost of relocation". On the other hand, the claimant should not be made to take "cost of relocation" when in fact the equipment was salvaged at perhaps a higher figure. The measure of damages should be applied to the facts of each case depending on what the claimant has elected to do with the equipment. If he relocates or is preparing to relocate he is entitled "to the lesser of in-place value or the cost of relocation". If, however, he does not relocate and salvages the equipment or allows the city to dispose of it, then the measure of damages would be "the lesser of in-place value or salvage value." Under the majority's theory, relocation appraisals would seem difficult to arrive at if this heavy equipment was salvaged. Both appraisers would have to agree on the theoretical place the equipment was moved to; otherwise the city might evaluate the cost of moving to the ground floor across the street, whereas

the claimant's appraisal might be based on a theoretical move across the country to the top floor of a 10-story building. An appraisal not based on the facts of the case is not just compensation. The hearing, then, should be restricted to salvage value *or* cost of relocation but not both, since the equipment either left the building to be salvaged or to be relocated.